Filed 7/31/23  Ghobrial v. USS Midway Museum CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| GAMAL GHOBRIAL,  Plaintiff and Appellant,  v.  USS MIDWAY MUSEUM,  Defendant and Respondent. | D079924  (Super. Ct. No. 37-2019-00053763-CU-PO-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Kenneth J. Medel, Judge.  Affirmed.

Gamal Ghobrial, in pro. per., for Plaintiff and Appellant.

Kaye, Rose & Partners, Anita M. Eilert and Philip Barilovits for Defendant and Respondent.


Plaintiff Gamal Ghobrial visited the USS Midway Museum (Museum), a decommissioned aircraft carrier-turned-museum permanently docked in the San Diego harbor.  While viewing aircraft parked on the flight deck, Ghobrial tripped over an informational sign.  He filed a personal injury action, claiming the sign constituted a dangerous condition on the premises.

The superior court granted the Museum's motion for summary judgment, concluding there was no triable issue of material fact as to whether the sign constituted a dangerous condition or whether the Museum had actual or constructive notice of the condition. We agree with the court that even if the risks associated with sign's placement might have presented a question of fact, the Museum met its burden of showing that it neither knew nor should have known of any danger. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The Museum welcomes roughly one million visitors per year. Beyond viewing the World War II-era warship, visitors can see historic aircraft on the carrier's flight deck. In October 2017, Ghobrial was one of many Museum visitors. He sued the Museum for negligence after he tripped over an aircraft information sign. The Museum filed a motion for summary judgment, arguing there was no triable issue of material fact as to negligence. In support of its motion, the Museum introduced evidence that the sign Ghobrial tripped over was one of many similar signs positioned in front of each aircraft parked along the perimeter of the flight deck.[1]

---

[1] Phillip Hamilton, the Museum's chief financial officer, estimated there were at least 24 similar signs on the flight deck "identical to the design, size, and coloring of the sign" that Ghobrial tripped over.



Visitors viewed the aircraft from the open middle area of the flight deck, as reflected in these exhibits, one submitted by each of the parties:[2]

---

[2]    The photos were taken at different times.  The first of the two exhibits was submitted by Ghobrial.  The second is a still shot taken from a surveillance video, submitted by the Museum in support of its motion, which purports to show the actual trip and fall.  (The labels identifying Ghobrial and the sign have been added to the second photo.)  Ghobrial disputed the accuracy of the video in depicting his accident.  For our purposes here, both exhibits document in a consistent fashion the general configuration of the flight deck.





Ghobrial objected to the Museum's request that the surveillance video be transmitted to this court as part of the record on appeal. The objection is overruled. The video was properly before the trial court. The parties stipulated to the use of the entire original superior court file in lieu of a clerk's transcript, and the video was part of the superior court file at the time of the motion. And although for some reason the superior court elected to prepare a formal clerk's transcript, the Museum also complied with California Rules of Court, rule 8.224, subdivision (a) by timely requesting that the superior court transmit the video to this court.

All that said, the trial court's ruling did not rely on the video and declined to resolve any factual dispute as to its accuracy. It assumed that Ghobrial was "walking backward to take a photograph" when he tripped and fell  We, likewise, find it unnecessary to address the factual dispute in deciding the issues on appeal.

The signs were visible to any visitor entering the flight deck display. Jeffrey Suway, a mechanical engineer and human factors expert, offered his opinion that the sign "was conspicuous, easily visible, and should have been observed by an average and alert pedestrian."

According to Museum Chief Financial Officer Phil Hamilton, the Museum investigates and documents all accidents and injuries involving guests. Records regarding these incidents are retained for five years. Hamilton reported that a "thorough review and search" of Museum records for the previous five years revealed "no prior similar incidents" where a guest claimed to have been injured after "tripping, running into, or falling over" the same sign or any similar sign.[3]

Ghobrial opposed the Museum's motion. He explained his theory that the Museum was negligent because the informational signs were placed in open areas where visitors walked. In his view, it would have been safer had the signs been placed "under the nose or the wing of the airplanes." In this way, he said, a person would hit their head on the aircraft before they would trip over the sign.[4] He acknowledged the possibility that he should have

---

[3]    At several points in his opening brief, Ghobrial complains that the Museum responded to certain discovery requests by claiming it did not have any responsive documents. He apparently perceives this type of response as nefarious, believing the Museum is "hiding the information about any prior slip and fall claims." But there are times when the absence of something is probative. In this case, for instance, the absence of records is probative of the lack of actual or constructive notice. To the extent Ghobrial had reason to believe the Museum was not truthfully responding to his discovery requests, those concerns should have been presented to the trial court in the first instance and, if necessary, to this court on appeal.

[4]    Of course, had it done so, the Museum might have been sued by someone who suffered a head injury.

been more observant, but argued that the extent of his responsibility for the accident should "be analyzed under comparative fault principles."

Ghobrial presented no evidence of prior similar trip-and-fall accidents, but argued it was not necessary. He referred to publicly available press reports to show prior accidents on the ship, even if they did not involve the placement of signs. He believed the Museum should be responsible even if his was the "first accident" because the signs were placed in visitors' path.

The trial court granted the motion for summary judgment, concluding "it does not appear that the sign was dangerous—it was open and notorious, visible to all around." The court cited expert testimony that the sign was "conspicuous, easily visible, and should have been observed by a reasonable pedestrian." Moreover, even assuming the sign might have been placed in a better location, the court found insufficient evidence to create a triable issue of fact as to whether the Museum was or should have been aware of the dangerous condition. The court also rejected Ghobrial's attempt to pursue a claim for intentional infliction of emotional distress, pointing out there was no evidence of any extreme and outrageous conduct by the Museum.

## DISCUSSION

"The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.) Where the trial court has granted a defendant's motion for summary judgment, we review the record independently to determine whether there is a genuine factual dispute. (*Halvorsen v. Aramark Uniform Services, Inc.* (1998) 65 Cal.App.4th 1383, 1387–1388.) In doing so, we construe the defendant's evidence strictly and the plaintiff's evidence more liberally,

6

resolving any doubts in favor of a trial on the merits. (*Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142.) But because it presents a question of law, "we review the ruling of the trial court [and] not its rationale." (*Santa Clara Valley Water District v. Century Indemnity Company* (2023) 89 Cal.App.5th 1016, 1035.)

A.    *The Museum's Actual or Constructive Knowledge of the Allegedly Dangerous Condition*

Ghobrial's principal claim is based on the alleged negligence of the Museum. He argues that the Museum's property was unreasonably dangerous because the sign over which he tripped and fell should have been placed differently. In his view, locating the sign closer to the displayed aircraft would have minimized the danger to patrons of the Museum. The Museum takes the position that any risk to visitors was clearly visible and obvious such that any reasonable person would have simply avoided running into the sign. Ghobrial responds that his comparative negligence is not a complete defense and a jury should decide who is responsible in what proportion.

But even if we were to conclude the Museum failed to negate the possibility that the sign could have been placed in a safer location, a property owner cannot be expected to take corrective action until it knows or should be aware of the dangerous condition. As the Supreme Court has explained, a guest of the property "cannot reasonably expect that the owner will correct defects of which the owner is unaware and that cannot be discerned by a reasonable inspection." (*Peterson v. Superior Court* (1995) 10 Cal.4th 1185, 1206; accord, *Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1206 (*Ortega*) ["the owner's actual or constructive knowledge of the dangerous condition is a key to establishing its liability"].)

7

Of course, many dangerous conditions are obvious—the proverbial banana peel in the produce aisle—where the only real question is whether the property owner or merchant knew of or had a reasonable opportunity to discover the hazard. (*Ortega, supra,* 26 Cal.4th at p. 1204 [puddle of milk]; *Hassaine v. Club Demonstration Services, Inc.* (2022) 77 Cal.App.5th 843, 848 [liquid soap spill].) Here, however, we deal with a different type of alleged danger. The informational sign that Ghobrial ran into was not a foreign object or substance. It was intentionally placed on the flight deck near one of the aircraft and was integral to the Museum's educational objective. Seemingly beneficial and benign, the Museum's responsibility to take corrective action with respect to the sign does not arise unless it knew or should have known that the sign posed a hazard. (See *Howard v. Omni Hotels Management Corp.* (2012) 203 Cal.App.4th 403, 434 [lack of prior similar accidents gave no actual or constructive notice that hotel bathtubs were unreasonably slippery].)

To show it had no actual or constructive knowledge of any danger, the Museum offered testimony that it investigates all accidents or injuries involving guests, maintaining records of those investigations for at least five years, yet had no records of any prior incidents involving visitors injured "by tripping, running into, or falling over" the signs on the flight deck. It also explained that weekly Safety Team meetings concerning shipboard safety had never raised or considered any problems with the placement of the signs. In response to this showing, Ghobrial was unable to present any evidence to explain *why* the Museum should have been aware of the claimed hazard posed by the sign placement.

A moving defendant on a motion for summary judgment bears the initial burden of demonstrating the absence of a triable issue of fact. Once

8

sufficient evidence is introduced to meet that initial burden, it is incumbent on the plaintiff to offer some evidence to rebut the showing and indicate there is a factual question that needs to be resolved. (See *Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476–477.) In this case, Ghobrial has failed to meet his responsive burden. Evidence of other types of injuries and other kinds of accidents, even if admissible, would do nothing to show that the Museum should have been aware of a problem with the placement of the aircraft information signs.

B. *Intentional Infliction of Emotional Distress*

To establish a claim for intentional infliction of emotional distress, the plaintiff must prove (1) extreme and outrageous conduct by a defendant intending to cause or recklessly disregarding the risk of causing emotional distress, (2) severe or extreme emotional distress, and (3) a causal link between the two. (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050.) The defendant's conduct must be so extreme that it exceeds the bounds tolerated in a civilized community. (*Id.* at pp. 1050−1051.) And it must have been intended to cause injury or pursued with a realization that injury would result. (*Id.* at p. 1051.)

Here, the Museum described efforts it made to avoid injuries to visitors and explained why it had no awareness that the aircraft signs posed any risk of injury. In the face of this evidence, Ghobrial presented nothing to show extreme and outrageous conduct by the Museum, let alone any awareness that its conduct would cause injury.

DISPOSITION

The judgment is affirmed. Respondent Museum shall recover costs on appeal.

DATO, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.